UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA RAZAVI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARLOS COTI, et al.,<br><br>　　　　Defendants. | Case No.17-cv-04341-HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 1, 2 |

Pro se plaintiff Melina Razavi ("Razavi") sues Defendants Carlos Coti, Geico Insurance, Progressive Insurance, Tony Soria, John Sgalio, and Stephanie Church for fraud, breach of contract, and other claims related to an automobile accident. Dkt. No. 1. Razavi also seeks leave to proceed in forma pauperis ("IFP").

For the reasons explained below, the court grants the IFP application. As no party has yet consented to or declined the undersigned's jurisdiction, the court orders that this case be reassigned to a district judge. The undersigned also recommends that the newly assigned district judge dismiss the case for lack of subject-matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "grant[] or deny[] IFP status based on the plaintiff's financial resources alone and then independently determine[] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Razavi qualifies financially for IFP status, and her IFP application therefore is granted. Even so, she has not sufficiently alleged the existence of federal subject-matter jurisdiction over this matter.

The two principal grounds for federal jurisdiction include (1) federal question jurisdiction and (2) diversity jurisdiction. Plaintiff does not allege a violation of any federal right or of any specific federal statute or Constitutional provision, and so the only grounds for federal jurisdiction in this case can be diversity jurisdiction. To properly allege jurisdiction premised on diversity of citizenship, the plaintiff must allege damages in excess of $75,000 and complete diversity of citizenship between the parties—that is, each defendant must be a citizen of a different state from each plaintiff. *See* 28 U.S.C. § 1332; *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 5360294 (N.D. Cal. Sept. 14, 2015). The amount in controversy is generally determined from the face of the pleadings. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Razavi seeks damages for the uncompensated damage to her car and for her own injuries sustained during the accident and resulting from Defendants' subsequent conduct. Beyond the conclusory statement that "this case is worth over $75,000," however, Razavi does not assign any specific monetary amounts or dollar values to any of her injuries. Razavi's conclusory statement that the case exceeds $75,000 is insufficient. As a result of the lack of detail in her other allegations, the court is unable to draw any conclusions about the amount in controversy. As it is not apparent that the amount in controversy exceeds $75,000, the complaint fails to adequately allege diversity jurisdiction.

The complaint also fails to adequately allege complete diversity of citizenship between the parties. Plaintiffs must generally affirmatively allege the actual citizenship of the relevant parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship, an individual is a citizen of his or her state of domicile (i.e., where the person has established a home and intends to remain). *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A

corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. 1332(c). Here, Razavi alleges solely that "defendants do business out of state and have out of state locations." Dkt. No. 1. She does not allege the specific citizenship of any of the Defendants, failing to state the places of domicile for the individual Defendants and the places of incorporation and principal places of business for the entity Defendants.

## CONCLUSION

The undersigned grants Razavi's application to proceed in forma pauperis and orders that this case be reassigned to a district judge. Razavi has failed to allege diversity of citizenship, and so the undersigned recommends that the court dismiss her complaint. Because it is possible that diversity jurisdiction may exist in this matter, the undersigned recommends that Razavi be granted leave to file an amended complaint.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: 8/2/2017

HOWARD R. LLOYD
United States Magistrate Judge

3