**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS COTI, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04341-BLF<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 8] |

Plaintiff Melina Razavi, proceeding *pro se*, filed this action on July 31, 2017, alleging unlabeled state law claims arising from an automobile accident and the subsequent insurance claims process. Compl., ECF 1. Magistrate Judge Howard R. Lloyd, to whom the case initially was assigned, granted Razavi leave to proceed *in forma pauperis*. HRL Order, ECF 4.

A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The screening requirement applies to both prisoners and non-prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). The court's screening obligation extends beyond the original complaint, as the court "shall dismiss the case at any time" if it determines that the plaintiff's pleading is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*.

<u>Subject Matter Jurisdiction</u>

This Court adopted Magistrate Judge Lloyd's report and recommendation that Razavi's original complaint be dismissed for lack of subject matter jurisdiction. Order Adopting R&R, ECF 7. Because Razavi had alleged only state law claims, the only potential basis for subject matter jurisdiction was diversity of citizenship, and Razavi had alleged neither the citizenship of

the parties nor facts showing that the amount in controversy exceeds $75,000. *Id.* at 2. The Court therefore dismissed Razavi's complaint with leave to amend. *Id.* It also informed Razavi that although she is proceeding *in forma pauperis*, the Court will not direct service of process by the U.S. Marshal unless and until Razavi files a viable complaint establishing the existence of subject matter jurisdiction. *Id.* at 2.

Razavi has filed a first amended complaint ("FAC"), again alleging state law claims arising out of the automobile accident and claims process, and adding a new claim for violation of the Americans with Disabilities Act ("ADA").[1] FAC, ECF 8. She appears to be asserting subject matter jurisdiction based both on diversity of citizenship and federal question. FAC ¶¶ 7-8. In order to establish diversity jurisdiction, Razavi must "allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Razavi sues Carlos Coti, the other party involved in the automobile accident, and her insurer, Geico Insurance Company. She does not allege the citizenship of either. Moreover, her allegations that Coti "is a natural person living and/or working in the jurisdictional area of the Northern District of California" suggest that he is a California citizen. Accordingly, Razavi has failed to allege facts showing the existence of diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States.").

However, Razavi has alleged a new claim under the ADA, a federal statute. This Court thus has federal question jurisdiction over that claim and supplemental jurisdiction over the state law claims to the extent "they form part of the same case or controversy" as the ADA claim. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

---

[1] The Court's order dismissing her original complaint did not grant Razavi leave to add new claims or parties. However, because the order did not expressly prohibit Razavi from adding new claims, and in light of her *pro se* status, the Court permits the amendment.

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Failure to State a Claim

Having concluded that it has subject matter jurisdiction, the Court next must determine whether the FAC fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court begins with the ADA claim, because absent the assertion of a viable federal claim, this Court declines to exercise supplemental jurisdiction over Razavi's state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)).

"Congress passed the ADA in 1990 to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013) (internal quotation marks and citation omitted). "The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Id.* Razavi does not specify which Title she believes governs here. As Razavi does not assert a claim of employment discrimination and Geico does not provide public services, the Court presumes that Razavi is asserting a claim under Title III.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Razavi must allege facts which, if true, state a plausible claim under the ADA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Razavi alleges that she is disabled within the meaning of the ADA as a result of a stroke. *See* FAC ¶ 47. However, she does not allege that Geico "is a private entity that owns, leases, or

3

operates a place of public accommodation." Even assuming that Geico does operate a place of "public accommodation," *see* 42 U.S.C. § 12181, Razavi does not allege facts showing that Geico denied her access to such accommodation. She asserts that "GEICO failed to provide RAZAVI with equal access to an orderly claims process." FAC ¶ 48. She also asserts that she "desired to use GEICO's insurance claims process, but was precluded from doing so due to access violations and was injured as a result." *Id.* at 50. However, she does not allege *how* Geico denied her access. It appears from the face of the FAC that Razavi did make an insurance claim which was adjusted by Geico, and that Razavi is unhappy with the result in part because she believes that Geico "lowballed" her. *See* FAC ¶ 40. Razavi's dissatisfaction with the claims adjustment result does not give rise to an ADA claim.

**ORDER**

For the foregoing reasons,

(1) Razavi's ADA claim (Claim 4) is DISMISSED WITH LEAVE TO AMEND;

(2) Absent a viable federal claim, the Court DECLINES to exercise supplemental jurisdiction over Razavi's state law claims (Claims 1, 2, and 3);

(3) Any amended complaint shall be filed on or before January 5, 2018;

(4) Razavi is granted leave to amend only her ADA claim; she may not add new claims or parties without making a motion and receiving leave of the Court; and

(5) Razavi is advised that failure to amend her complaint within the time provided or failure to allege facts sufficient to state a claim under the ADA may result in dismissal of her pleading without leave to amend and dismissal of her case with prejudice.

Dated: December 6, 2017

BETH LABSON FREEMAN
United States District Judge

4