**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS COTI, et al.,<br><br>Defendants. | Case No. 17-cv-04341-BLF<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 15] |

Plaintiff Melina Razavi, proceeding *pro se*, filed this action after being involved in an automobile accident. She sues the other driver, Carlos Coti, and her own insurer, Geico Insurance Company. Because Ms. Razavi is proceeding *in forma pauperis*, her pleadings are subject to initial screening by the Court. *See* 28 U.S.C. § 1915(e)(2)(B) (district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis* if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). For the reasons discussed below, the second amended complaint ("SAC") is DISMISSED WITH LEAVE TO AMEND.

**I. BACKGROUND**

Ms. Razavi filed the complaint in this action on July 31, 2017, alleging state law claims arising out of the automobile accident and insurance claims process. Compl., ECF 1. Magistrate Judge Howard R. Lloyd, to whom the case initially was assigned, granted Razavi leave to proceed *in forma pauperis*. HRL Order, ECF 4. Judge Lloyd also issued a Report and Recommendation ("R&R") that the complaint be dismissed for lack of subject matter jurisdiction. *Id.* The Court adopted the R&R and dismissed the complaint with leave to amend, as the only potential basis for subject matter jurisdiction was diversity of citizenship and Ms. Razavi had alleged neither the citizenship of the parties nor facts showing that the amount in controversy exceeded $75,000. Order Adopting R&R, ECF 7. The Court stated that it would not direct service of process by the

U.S. Marshal absent a viable complaint establishing the existence of federal subject matter jurisdiction. *Id.*

Ms. Razavi thereafter filed a first amended complaint ("FAC"), alleging both state law claims and a new federal claim for violation of the Americans with Disabilities Act ("ADA"). FAC, ECF 8. She asserted subject matter jurisdiction based on both diversity of citizenship and federal question. FAC ¶¶ 7-8. The Court found the allegations of the FAC inadequate to give rise to diversity jurisdiction, but it concluded that the ADA claim gave rise to federal question jurisdiction. Order Dismissing FAC, ECF 14. The Court dismissed the ADA claim, however, and it declined to exercise supplemental jurisdiction over the state law claims absent a viable federal claim. *Id.* The Court granted leave to amend, but it advised Ms. Razavi that failure to cure the deficiencies of the ADA claim could result in dismissal of the case. *Id.*

Ms. Razavi timely filed the operative SAC, asserting claims for: (1) negligence, (2) breach of contract, (3) bad faith, and (4) violation of the ADA. SAC, ECF 15. As Ms. Razavi has not cured the deficiencies of her ADA claim, the SAC is subject to dismissal with leave to amend.

## II. DISCUSSION

Ms. Razavi asserts subject matter jurisdiction based on both diversity of citizenship and federal question. SAC ¶¶ 8-9, ECF 15. She fails to allege facts showing complete diversity of citizenship. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). Ms. Razavi alleges neither her own citizenship nor Defendants' citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (A plaintiff must "allege affirmatively the actual citizenship of the relevant parties."). Moreover, the facts she does allege suggest that both she and Defendant Coti are citizens of California. *See* SAC ¶ 1 (alleging that Ms. Razavi is "a resident of city of San Jose in the State of California"); ¶ 2 (alleging that Defendant Coti "is a natural person living and/or working in the jurisdictional area of the Northern District of California").

However, Ms. Razavi's ADA claim is sufficient to give rise to federal question jurisdiction over that claim and supplemental jurisdiction over the state law claims to the extent "they form

2

part of the same case or controversy" as the ADA claim. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). As stated in its prior order, the Court will not exercise supplemental jurisdiction over the state law claims absent a viable federal claim. The Court therefore turns first to the ADA claim.

ADA Claim (Claim 4)

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Ms. Razavi's claim is asserted under Title III. SAC ¶ 49, ECF 15.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To prevail on a reasonable modification claim under this provision, a plaintiff "must establish that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to

3

make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1010 (9th Cir. 2017) (citation omitted).

Ms. Razavi appears to be asserting a reasonable modification claim against Geico. She alleges that she is permanently disabled as a result of a stroke (element 1). SAC ¶ 48, ECF 15. She also alleges that Geico owns, leases, or operates a place of public accommodation, specifically by selling automobile insurance to the general public (element 2). SAC ¶¶ 49-51. It appears that she may be trying to allege that Geico had a discriminatory policy or practice regarding its claims adjustment deadlines (element 3), and that Geico refused to provide her with a reasonable modification of those deadlines (element 4). Ms. Razavi alleges that Geico took advantage of her disabilities "by forcing RAZAVI to comply with capricious and arbitrary deadlines that was too fast and too soon for her to meet without reasonable accommodation," and that Geico "refused to accommodate RAZAVI's need for extra time to meet deadlines." SAC ¶¶ 60-61. However, Ms. Razavi does not identify any discriminatory policy or practice employed by Geico, nor does she allege that she actually *requested but was refused* a reasonable modification of Geico's claims deadlines. Moreover, Ms. Razavi does not allege that the deadlines which Geico imposed deprived her of access to Geico's claims process. To the contrary, it appears on the face of the complaint that Geico adjusted Ms. Razavi's claim, but that Ms. Razavi was unhappy with the result. SAC ¶ 62 (alleging that Geico offered Ms. Razavi "an unreasonably reduced payment" and then ultimately denied her claim).

The Court notes that some case authority suggests that Ms. Razavi would not be able to state a claim under Title III even if she were to cure the deficiencies noted above, because there is an insufficient connection between the claimed discriminatory conduct and an actual physical place. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (interpreting the term "place of public accommodation" to "suggest[] that some connection between the good or service complained of and an actual physical place is required."). However, *Weyer* is factually distinguishable from the present case, and it is not clear that it would apply. Under those circumstances, the Court finds it appropriate to grant Ms. Razavi a final opportunity

4

to amend her ADA claim, with the benefit of the specific guidance provided herein.  In order to move forward on that claim, Ms. Razavi must identify a discriminatory policy or practice employed by Geico.  She also must allege specific facts demonstrating that Geico discriminated against her by refusing her request for a reasonable modification of that policy or practice, and that such requested modification was necessary to accommodate her disability.  Finally, Ms. Razavi must allege facts showing that Geico's discriminatory conduct deprived her of a good or service offered by Geico.

Based on the foregoing, Ms. Razavi's ADA claim (Claim 4) is DISMISSED WITH LEAVE TO AMEND.

State Law Claims (Claims 1, 2, and 3)

Unless and until Ms. Razavi alleges a viable ADA claim, the Court declines to exercise supplemental jurisdiction over Ms. Razavi's state law claims.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)).  Accordingly, the Court declines to address the state law claims at this time.

### III. ORDER

(1) Ms. Razavi's ADA claim (Claim 4) is DISMISSED WITH LEAVE TO AMEND;

(2) Absent a viable federal claim, the Court DECLINES to exercise supplemental jurisdiction over Ms. Razavi's state law claims (Claims 1, 2, and 3);

(3) Any amended complaint shall be filed on or before July 2, 2018;

(4) Ms. Razavi is granted leave to amend only her ADA claim; she may not add new claims or parties without making a motion and receiving leave of the Court; and

(5) Ms. Razavi is advised that failure to amend her complaint or failure to allege facts sufficient to state a claim under the ADA may result in dismissal of her case with prejudice.

Dated:  June 11, 2018

BETH LABSON FREEMAN
United States District Judge