**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS COTI, an individual; and GEICO INSURANCE COMPANY, a business entity of unknown form,<br><br>    Defendants. | Case No. 17-cv-04341-BLF<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT; AND DIRECTING SERVICE OF PROCESS BY U.S. MARSHAL** |

Plaintiff Melina Razavi ("Razavi"), proceeding *pro se*, filed this action after being involved in an automobile accident. She sues the other driver, Carlos Coti ("Coti"), and her own insurer, Geico Insurance Company ("Geico"). Because Razavi is proceeding *in forma pauperis*, her pleadings are subject to initial screening by the Court. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court must dismiss an action brought *in forma pauperis* if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where the Court determines that the operative pleading is "sufficient to meet the low threshold for proceeding past the screening stage," the Court will order service of process by the U.S. Marshal. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also* Fed. R. Civ. P. 4(c)(3).

The Court dismissed Razavi's complaint, first amended complaint, and second amended complaint with leave to amend. Upon screening the operative third amended complaint ("TAC")

1  pursuant to § 1915, the Court concludes that Razavi's claims now "appear to be colorable for the purposes of that statute." *Rounds v. Woodford*, 298 F. App'x 683, 684 (9th Cir. 2008). The Court expresses no opinion whether the TAC would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id.* (vacating dismissal of action after concluding that claims satisfied "the very low threshold requirements of 28 U.S.C. § 1915," but "express[ing] no opinion whether this case would survive a motion for dismissal under Fed. R. Civ. P. 12(b)(6)").

Having concluded that the operative TAC meets the "low threshold" of § 1915, the Court ORDERS that service of process be effected by the U.S. Marshal. Razavi SHALL provide the Clerk of Court with the information necessary for the U.S. Marshal to serve Defendants Coti and Geico.

## I. BACKGROUND

Ms. Razavi filed the complaint in this action alleging state law claims arising out of the automobile accident and insurance claims process. Compl., ECF 1. Magistrate Judge Howard R. Lloyd, to whom the case initially was assigned, granted Razavi leave to proceed *in forma pauperis*, directed that the case be reassigned to a district judge, and recommended that the complaint be dismissed. HRL Order, ECF 4. Following reassignment of the case to the undersigned judge ("the Court"), the Court screened the complaint and dismissed it with leave to amend. Order Dismissing Complaint, ECF 7. The Court likewise screened and dismissed Razavi's first amended complaint and second amended complaint ("SAC") with leave to amend. *See* Order Dismissing SAC, ECF 18.

In its order dismissing the SAC, the Court concluded that although Razavi had alleged subject matter jurisdiction based on both diversity of citizenship and federal question, she had not alleged facts giving rise to diversity jurisdiction. *See* Order Dismissing SAC at 2. However, the Court concluded that Razavi's assertion of a claim under Title III of the Americans with Disabilities Act ("ADA") (Claim 4) was sufficient to confer federal question jurisdiction over that claim and supplemental jurisdiction over her state law claims for negligence, breach of contract, and insurance bad faith (Claims 1-3). *See id.* at 2-3. The Court indicated that it would not exercise supplemental jurisdiction over the state law claims absent a viable federal claim, and

2

therefore it addressed the ADA claim first. *See id.* at 3. Razavi alleged that Geico had failed to provide reasonable modification for her disability in the insurance claims process. *See id.* at 3-4. However, the Court determined that Razavi had not alleged facts sufficient to state a claim under the ADA. *Id.* at 4. The Court dismissed the ADA claim with leave to amend and declined to address the state law claims unless and until Razavi alleged a viable ADA claim. *Id.* at 5.

Razavi has filed a TAC addressing these deficiencies. The Court conducts the requisite screening of the TAC below, first addressing the federal ADA claim and then turning to the state law claims.

## II. DISCUSSION

### A. ADA Claim (Claim 4)

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Ms. Razavi's claim is asserted under Title III. TAC ¶ 49, ECF 19.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii).

To prevail on a claim under this provision, a plaintiff "must establish that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases,

or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1010 (9th Cir. 2017) (citation omitted).

As noted above, while Razavi asserted a reasonable modification claim against Geico in her SAC, she did not allege sufficient facts to state a claim under the ADA. In its order dismissing the SAC, the Court gave Razavi the following guidance regarding amendment of her ADA claim:

> Ms. Razavi must identify a discriminatory policy or practice employed by Geico. She also must allege specific facts demonstrating that Geico discriminated against her by refusing her request for a reasonable modification of that policy or practice, and that such requested modification was necessary to accommodate her disability. Finally, Ms. Razavi must allege facts showing that Geico's discriminatory conduct deprived her of a good or service offered by Geico.

Order Dismissing SAC at 5, ECF 18.

Razavi has amended her ADA claim in response to this guidance. She now alleges the following facts: Geico imposes very strict deadlines over the course of the claims process, TAC ¶ 54; Geico has a policy of refusing to make any accommodation for relief from its strict deadlines, TAC ¶ 56; Razavi informed Geico that she is disabled and required reasonable accommodation in order to meet Geico's deadlines, TAC ¶ 64; Razavi asked Geico for reasonable accommodation at the commencement of the claims process, and specifically asked Geico to relieve her from strict adherence to its deadlines, TAC ¶ 65; Geico refused Razavi's request for reasonable accommodation and insisted that she comply with its harsh deadlines, TAC ¶ 67; as a result, Razavi was unable to complete the claims process within Geico's deadlines, TAC ¶ 73; Geico offered Razavi an unreasonably reduced settlement payment, and ultimately denied her claim, on the ground that she had missed claims process deadlines, TAC 74; and but for Geico's policy to refuse to provide reasonable accommodation Razavi would have been able to complete the claims process and receive an insurance pay-out, TAC ¶ 76. The Court concludes that these allegations are sufficient to state a colorable ADA claim for purposes of 28 U.S.C. § 1915.

4

**B.  State Law Claims (Claims 1, 2, and 3)**

The Court next turns to Razavi's state law claims.  Claim 1 is a negligence claim against Coti.  "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).  In California, "the general duty to take ordinary care in the conduct of one's activities indisputably applies to the operation of a motor vehicle." *Cabral v. Ralphs Grocery Co.*, 51 Cal. 4th 764, 774 (2011) (citation omitted). Razavi alleges that Coti was driving negligently, carelessly, and at an excessive rate of speed, and lost control of the steering of his vehicle.  TAC ¶ 17.  Coti hit Razavi's vehicle and admitted it was because he could not stop.  TAC ¶ 18.  The collision cause injury to Razavi and her vehicle.  TAC ¶¶ 19-24.

Claim 2 asserts that Geico breached Razavi's insurance policy.  Under California law, a plaintiff must plead and prove four elements to succeed on a claim for breach of contract:  (1) a contract, (2) the plaintiff's performance or excuse for non-performance, (3) the defendant's breach, and (4) damages to the plaintiff from the defendant's breach.  *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998).  Razavi alleges the existence of a contract, her insurance policy with Geico, and that she has complied with all terms and conditions of the policy.  TAC ¶¶ 12, 29.  She alleges that Geico failed to comply with its obligations under the policy, specifically, that Geico failed to process her claim, perform a timely inspection of her vehicle, obtain a timely estimate for repair, or pay benefits due under the policy.  TAC ¶¶ 27-30. Razavi alleges that as a result of Geico's conduct, she has suffered economic loss and other loss. TAC ¶¶ 32-35.

Claim 3 asserts insurance bad faith against Geico.  "When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (2007) (internal quotation marks and citation omitted). Razavi alleges Geico unreasonably withheld benefits due under the policy and engaged in a laundry list of unlawful practices such as lowballing and misrepresenting policy provisions.  TAC ¶¶ 38-41.

The Court concludes that these allegations meet the threshold requirements of 28 U.S.C. § 1915.

### C. Service by the U.S. Marshal

Where the Court determines that the operative pleading should proceed past the screening stage, it will order service of process by the U.S. Marshal. *See Wilhelm*, 680 F.3d at 1123; *see also* Fed. R. Civ. P. 4(c)(3). In those circumstances, the plaintiff "is obligated to provide the necessary information to help effectuate service." *Antonetti v. Las Vegas*, No. 2:13-CV-00064-RFB, 2015 WL 247806, at *3 (D. Nev. Jan. 16, 2015). Where the plaintiff does not provide information sufficient to allow the U.S. Marshal to serve the defendants, the plaintiff's claims are subject to dismissal. *See Sims v. Wegman*, 743 F. App'x 897, 897 (9th Cir. 2018).

Accordingly, the Court HEREBY ORDERS that the U.S. Marshal SHALL effect service of process on Defendants Carlos Coti and Geico Insurance Company. Razavi MUST provide the Clerk of Court with information sufficient to allow the U.S. Marshal to serve Coti and Geico.

### III. ORDER

(1) The U.S. Marshal SHALL effect service of process on Defendants Carlos Coti and Geico Insurance Company; and

(2) Razavi is requested to provide the Clerk of Court with information sufficient to allow the U.S. Marshal to serve Coti and Geico on or before December 20, 2019.

Dated: November 21, 2019

_____
BETH LABSON FREEMAN
United States District Judge