1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MELINA RAZAVI,

               Plaintiff,

       v.

CARLOS COTI, an individual; and GEICO
INSURANCE COMPANY, a business
entity of unknown form,

               Defendants.

Case No. 17-cv-04341-BLF

**ORDER RE PLAINTIFF'S LETTER OF
JANUARY 29, 2020**

On January 29, 2020, Plaintiff filed a letter providing addresses for service of process on Defendants, and raising a number of other issues. *See* Letter, ECF 23. The U.S. Marshal has been ordered to effect service of process on Defendants in a separate order. Among the other issues raised in the letter are Plaintiff's request for a telephone call from a court attorney, Plaintiff's assertion of misconduct by the undersigned, and the language used in the order screening Plaintiff's operative third amended complaint. The Court addresses those issues as follows.

*Plaintiff's Request for a Telephone Call from the Federal Pro Se Program Attorney*

Plaintiff represents that she is suffering from serious medical conditions, including cancer, heart failure, kidney failure, and liver failure; is homeless; and does not have access to materials necessary to litigate this case. She states that the Court has refused to provide her with an attorney but has referred her to the Court's Federal Pro Se Program. The Federal Pro Se Program maintains an office at the San Jose Courthouse, where the program attorney provides free assistance to *pro se* litigants by appointment and on a drop-in basis. Plaintiff asserts that the "court attorneys" refused to help her, conspired with the Court against her, lied to her, and

1  "harassed and violated" her.  Letter at 2.  Plaintiff nonetheless requests that this Court direct "a

2  court attorney" to call her.  *Id*.  The Court understands Plaintiff to be requesting a telephone call

3  from the Federal Pro Se Program attorney.

4        Plaintiff's telephone number is not listed on the docket and the Court has been unable to

5  locate it on any of Plaintiff's filings in this case.  Plaintiff may contact the Federal Pro Se Program

6  attorney by calling 408-297-1480, emailing kknestrick@asianlawalliance.org, or going to the

7  Federal Pro Se Program office on Monday through Thursday between the hours of 9:00 a.m. to

8  4:00 p.m.  The Federal Pro Se Program office is located at the United States District Court, 280 S.

9  1st Street, 2nd Floor, Room 2070, San Jose, California, 95113.

10        *Assertion of Misconduct by the Undersigned*

11        Plaintiff asserts that the undersigned has conspired with other judges to cause Plaintiff's

12  homelessness.  Specifically, Plaintiff claims that the undersigned "has illegally caused

13  homelessness for me, because she dismissed another case of mine and with prejudice, because of

14  the lying, accusatory flaggings of my name by court, and this led to the illegal, disastrous

15  homelessness I'm suffering from, while I'm disabled and bedridden."  Letter at 1.  Plaintiff states

16  that she previously has asked for removal of the undersigned from this case.  However, the docket

17  does not reflect any motion for recusal in this case.  To the extent Plaintiff intends her letter to be a

18  motion for recusal, the motion is denied.  "The standard for recusal under 28 U.S.C. §§ 144, 455 is

19  whether a reasonable person with knowledge of all the facts would conclude that the judge's

20  impartiality might reasonably be questioned."  *United States v. Studley*, 783 F.2d 934, 939 (9th

21  Cir. 1986) (internal quotation marks and citation omitted).  "The alleged prejudice must result

22  from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."  *Id*.

23  Plaintiff's letter does not disclose any facts that would cause a reasonable person to conclude that

24  the undersigned's impartiality might reasonably be questioned.

25        *Objection to Language in Order Screening Third Amended Complaint*

26        Plaintiff objects to language in the Court's Order Screening Third Amended Complaint,

27  specifically the Court's statement that Plaintiff's pleading "meets the 'low threshold' of § 1915"

28  necessary to order service of process by the U.S. Marshal.  *See* Order Screening Third Amended

1  Complaint at 2, ECF 20.  Plaintiff asserts that her pleading meets all federal requirements and she

2  objects to the suggestion that it may not meet all requirements.  The language in question was

3  drawn from controlling Ninth Circuit case authority addressing the screening requirement of 28

4  U.S.C. § 1915(e).  *See* Order Screening Third Amended Complaint at 1-2, ECF 20.  This Court

5  was not required to determine whether Plaintiff's third amended complaint satisfies all applicable

6  pleading requirements in order to screen it under § 1915.  *See id.*  The Court was required to

7  determine whether Plaintiff had stated a "colorable" claim, and it did so.  *See id.*

8        Having reviewed the issues raised in Plaintiff's January 29, 2020 letter, the Court

9  concludes that no further action is required except for ordering service of process by the U.S.

10  Marshal, which the Court has done in a separate order.

11

12  Dated: February 6, 2020

13  _____
   BETH LABSON FREEMAN

14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3