UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS COTI and GEICO INSURANCE COMPANY,<br><br>    Defendants. | Case No. 17-cv-04341-BLF<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE** |

Plaintiff Melina Razavi, proceeding *pro se* and *in forma pauperis*, filed this action after being involved in an automobile accident. She sues the other driver, Carlos Coti ("Coti"), and her own insurer, Geico Insurance Company ("Geico"). The Court ordered service of process by the U.S. Marshal at the addresses for defendants provided by Plaintiff. *See* ECF 24. On November 2, 2021, the U.S. Marshal returned unexecuted summons as to both Coti and Geico, indicating that they could not be located at the addresses provided by Plaintiff. *See* ECF 27.

"In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants." *Figueroa v. Navarro*, No. 1:20-cv-01254-AWI-SKO (PC), 2021 WL 4991735, at *1 (E.D. Cal. Oct. 27, 2021). "A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint after having provided the necessary information to help effectuate service under 28 U.S.C. § 1915 and Rule 4." *Shaw v. Lindgren*, No. CV 19-2700-DMG (AGR), 2021 WL 4614119, at *5 (C.D. Cal. Aug. 12, 2021) (internal quotation marks and citation

omitted).  However, "[w]here a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effectuate service of the summons and complaint, dismissal of the unserved defendant is appropriate."  *Id*. (internal quotation marks and citation omitted); *see also Figueroa*, 2021 WL 4991735, at *2 (issuing order to show cause why unserved defendants should not be dismissed where plaintiff failed to provide U.S. Marshal with sufficient information to effect service).  The Ninth Circuit has affirmed dismissal of an unserved defendant where the plaintiff failed to provide the U.S. Marshal with the information necessary to serve the summons and complaint.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

This case may not proceed against Defendants absent service of process.  *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Accordingly, unless Plaintiff can provide alternate service addresses for Coti and/or Geico, the Court will have no choice but to dismiss the action.  The Court will grant Plaintiff twenty-one days to provide the information necessary to allow the U.S. Marshal to serve Coti and Geico or Geico's California agent for service of process, or otherwise to show cause why this action should not be dismissed.

Plaintiff is Ordered to Show Cause, in writing and on or before November 30, 2021, why this action should not be dismissed without prejudice for failure to effect service of process on Defendants.

**IT IS SO ORDERED.**

Dated:  November 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge

2